PER CURIAM.
Annie Mangham, the defendant below, appeals the trial court’s denial of her motion for relief from judgment filed pursuant to Rule 1.540(b)(5), Florida Rules of Civil Procedure. For the reasons that follow, we reverse and remand for further proceedings.
In 1987, Frederick Jenks sued Mangham, alleging that she, and/or her predecessors in title, had raised the contours of her property and placed a culvert thereon so that stormwater runoff was artificially gathered and discharged onto Jenks’s land. The complaint, which sounded in trespass, nuisance and negligence, sought damages and an abatement of the nuisance. After a nonjury trial, the court obligated Mangham to disperse the stormwater flowing across her property by constructing a swale pursuant to certain specifications. The final judgment .states, in part,
The Court specifically reserves jurisdiction for such future proceedings as may be necessary for further review of the improvements ordered herein and to join appropriate parties, if any, as may be necessary to afford Plaintiff additional relief from the existing drainage problems.
Some time later, Mangham filed a motion for approval of her construction plans, requesting entry of “an order holding that the construction of the improvements in accordance with such plans will constitute compliance with the Court’s Final Judgment.” Jenks objected to the proposed order which accompanied the motion, complaining that it did not “speak to Mrs. Mangham’s responsibility for maintenance and upkeep of the stationary installation which is being placed on her property.” The court granted Mangham’s motion in an order modifying her plans in one particular but otherwise providing, “[Cjonstruction of the improvements in accordance with such plans shall constitute a compliance with the Court’s Final Judgment....” In the same order, Mangham was directed to begin construction of the swale, and, upon its completion, to obtain an engineer’s certification that the construction complied with the court’s instructions.
Thereafter, Mangham filed her engineer’s certification of compliance with the court’s order. At the same time, referencing Rule 1.540(b)(5), she requested an order discharging her and her property from any further liability to Jenks. In response, Jenks argued that Mangham had a continuing responsibility to maintain the drainage improvements. The trial court ultimately denied Mangham’s motion without explanation.
It appears from our review of the final judgment and the various post-judgment orders that Mangham fully complied with her court-imposed obligations, and that the court abused its discretion in denying her motion for relief from judgment. However, because the ambiguous language in the final judgment might arguably support some valid basis for reserving jurisdiction which is not apparent to us, see, e.g., 29 Fla.Jur.2d Injunctions §§ 83-85, we authorize the trial court to reconsider its ruling on Mangham’s motion.
Accordingly, we reverse the order denying the defendant’s motion for relief from judgment, and we remand to the trial court for further proceedings consistent with this opinion. Should the trial court again decide to deny the appellant’s motion for relief from judgment, it shall fully express its reasons for doing so in its order.
BOOTH, MINER and ALLEN, JJ., concur.